# IN THE COURT OF APPEALS OF IOWA

No. 23-0004
Filed October 25, 2023

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**KEATYN CHARLES PALMATEER,**
        Defendant-Appellant.
_____


        Appeal from the Iowa District Court for Story County, Steven P. Van Marel,

District Associate Judge.


        Keatyn Palmateer appeals the sentence imposed following his pleas of

guilty to felony eluding and person ineligible to carry a weapon.  **AFFIRMED.**


        Agnes Warutere of Warutere Law Firm P.L.L.C., Ankeny, for appellant.

        Brenna Bird, Attorney General, and Joseph D. Ferrentino, Assistant

Attorney General, for appellee.


        Considered by Tabor, P.J., Chicchelly, J., and Scott, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2023).

**SCOTT, Senior Judge.**

Eighteen-year-old Keatyn Palmateer and the State entered into a plea agreement whereby Palmateer would plead guilty to felony eluding (in excess of twenty-five miles an hour over the speed limit) and being a person ineligible to carry a weapon in exchange for the State dropping several other charges. As agreed, the State recommended the court suspend the sentences and order probation for two years. The defense noted Palmateer's age, history of trauma as a child, being the father of two young children, successful completion of programming in a juvenile program, and current employment. The defense argued a felony conviction would impose "outsized collateral consequences" and asked the court to defer judgment.

The district court considered relevant factors of Palmateer's age, recent prior eluding charge, and the need to protect the community from further offenses and rehabilitate the offender. The court stated:

> Obviously, Mr. Palmateer, up to this stage in your life you have had difficulties making good decisions. On the eluding charge, you're asking that judgment be deferred, which is a pretty hard decision for this court given that in 2021 you were convicted of eluding as an adult, and then you went out and you committed the very same offense.
>
> Mr. Palmateer, you have to understand that especially on the eluding charge, when you commit that offense, you placed yourself at risk, you placed police officers at risk, and more importantly—most importantly you placed innocent members of our community at risk. Really it's just a matter of luck and nothing else that you were not involved in a serious accident and that you didn't kill or injure somebody's child or destroy someone's family.
>
> I am not going to defer judgment on this charge, not after you had an eluding charge already, and then you go out and you commit basically the very same offense, but even to a more dangerous degree. You committed the new offense of eluding. So—but on the other hand, I don't think you need to go to prison either, so I will impose that five-year prison term and suspend it. I'll suspend one-

year jail sentence on the weapons charge, and then put you on probation.

Probation is your opportunity to demonstrate to the community and to your family, that you understand you made some poor decisions but you can and will do a better job in the future. Mr. Palmateer, you are still a very young man. If you make the right decisions, there's no reason why you cannot overcome this and go out and be successful. Granted, in the short term given this conviction, your life is going to be harder than it needs to be, but that's because of these decisions that you've made and, unfortunately, now you have to suffer the consequences of that poor decision making, but I think by the time this probationary period ends, you'll be in a position where you can go out there and you can be successful, and you can really have as much success with your life as you want to.

On appeal, Palmateer asserts the court abused its sentencing discretion by not sufficiently recognizing his "tragic upbringing" and "that he is a product of a system that failed him."

Because Palmateer appeals his sentence, he has established good cause to appeal. *State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020).

We review sentencing rulings for correction of errors at law. *Id.* at 103. "[T]he decision of the district court to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). On our review, we find the district court did not abuse its discretion "on grounds or for reasons that were clearly untenable or unreasonable." *Id.* We therefore affirm.

**AFFIRMED.**